UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES LABOY,<br>　　　Plaintiff, | : <br> : <br> : | CASE NO. 3:18-cv-361 (KAD) |
| v. | : <br> : | |
| BEAULIEU, et al.<br>　　　Defendants. | : <br> : <br> : | AUGUST 15, 2019 |

## MEMORANDUM OF DECISION

**Preliminary Statement**

Plaintiff James Laboy ("Laboy"), currently incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed this action to challenge his removal from the prison school program and reassignment to a different session both as a due process violation and a violation of his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and Section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794(a). On May 10, 2019, the Court granted the defendants' motion for summary judgment. On July 20, 2019 Laboy filed the instant a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). For the following reasons, the motion is DENIED.

**Standard of Review**

Federal Rule of Civil Procedure 59(e) "permits a court to 'alter or amend judgment to correct a clear error of law or prevent manifest injustice.'" *ING Glob. V. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 96 (2d Cir. 2014) (quoting *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153 (2d Cir. 2008)); *see Munafo v. Metropolitan Transp. Auth.*, 381 F.3d 99, 105

(2d Cir. 2004) (specifically approving district court's authority under Rule 59(e) to "alter or amend [a] judgment to correct a clear error of law or prevent manifest injustice."). "Rule 59(e) covers a broad range of motions, including motions for reconsideration...." *Association. for Retarded Citizens of Conn. v. Thome*, 68 F.3d 547, 553 (2d Cir. 1995). However, it is well settled that Rule 59 may not be used to relitigate issues, present the case under new theories, secure a rehearing on the merits, or otherwise take a "'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)); *see Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) ("Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.") (quotation marks and citation omitted). "The 'narrow aim' of Rule 59(e) is 'to make clear that district court possesses the power' to rectify its own mistakes in the period immediately following the entry of judgment." *Greene v. Town of Blooming Grove*, 935 F.2d 507, 512 (2d Cir. 1991) (citation omitted). A motion to alter or amend judgment is an "extraordinary remed[y] to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014) (citations and quotations omitted). Finally, the standard for granting a Rule 59 motion "is strict, and reconsideration will generally be denied unless the party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (articulating the standard in the context of a Rule 59(e) motion).

**Discussion**

Laboy asserts that the Court's decision resulted from his failure to submit an affidavit with his memorandum in opposition to the defendants' motion for summary judgment. He therefore attaches a document entitled "Affidavit of Truth" to this motion and asks the Court to reconsider the decision based on the document. He argues that his failure to file an affidavit means that the decision was based on "a clear error of fact." Doc. No. 30 at 1.

As indicated above, a motion to alter or amend judgment may not be used to present evidence that could have been submitted prior to entry of judgment. *See Exxon Shipping*, 554 U.S. at 486 n.5. The submission attempts to do just that and is not a basis upon which the Court would alter the judgment. Notably, the document Laboy labels an "affidavit" is not sworn so does not cure any deficiency to his opposition to the summary judgment. And the document contains no information that was not available to Laboy when he commenced this action.

Further, even if Laboy had submitted this document as a proper affidavit in opposition to the defendants' motion for summary judgment, the outcome would have been the same. The Court granted summary judgment finding that Laboy had no protected liberty interest in attending the morning school session. He was offered, and declined, the opportunity to switch to the afternoon session. In fact, he later attended an afternoon session and attained his GED. Thus, the Court found no due process violation. Also, the fact that Laboy was offered a reasonable accommodation for his disability showed that his rights under the ADA and RA were not violated. Laboy's purported affidavit does not address these findings by the court. Thus, he has not shown that the Court's decision was based on a clear error of law or fact.

**Conclusion**

Laboy's motion to alter or amend judgment [**Doc. No. 30**] is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 15th day of August 2019.

                                    /s/
                              Kari A. Dooley
                              United States District Judge